HARDY, Judge.
This is a suit for damages sustained by plaintiff’s automobile as the result of a collision with a horse owned by defendant, who was alleged to be guilty of negligence in permitting the animal to roam at large in violation of an ordinance of the Town of Springhill, Webster Parish, Louisiana, and in further violation of LSA-R.S. 3:2851. From a judgment in favor of plaintiff in the principal sum of $140 the defendant has appealed.
There is little dispute with reference to the facts surrounding the collision and we think they have been clearly established. The accident occurred early in the afternoon of October 5, 1953, on West Main Street in the Town of Springhill, at which time plaintiff was driving his automobile west at a moderate rate of speed. A pick-up truck driven by defendant’s wife, who was accompanied by her father, I. I. Caswell, was proceeding east on Main Street. In the rear of the truck sat a Negro man holding the lead rope of a horse belonging to Mr. Caswell, and following the truck and the led horse was the offending animal, the *572 property of defendant. Frightened by traffic defendant’s horse ran into the path of plaintiff’s automobile, reared up on the car and upon disentangling himself gave vent to one of the now rare expressions of contempt in which all horseflesh unquestionably holds the representatives of the motor age by soundly kicking the offensive vehicle. As the result of this collision and the contemptuous maneuver of defendant’s horse, plaintiff’s automobile sustained damages to the left front light, the windshield and the body amounting to the sum of $140.
Defendant resists plaintiff’s demands by denying negligence in connection with defendant’s ownership ,of the animal or with respect to its actions and, alternatively, by pleading contributory negligence on the part of plaintiff.
We dismiss the plea of contributory negligence without the necessity for discussion, being of the firm opinion that the testimony overwhelmingly exonerates plaintiff from any act of negligence in connection with the accident.
Nor do we think there is any substantial support for the contention that no fault or negligence attributable to defendant was established in connection with the fact that his horse at the time was running loose. The facts bearing upon this defense are un-contradicted. Defendant’s horse, together with the horse owned by his father-in-law, was kept in the pasture of Mr. J. W. Burns, the grandfather of defendant’s wife. Sometime during the night before the accident the horses escaped from the enclosure in which they were confined. We point out in this connection that no negligence attributable to defendant is shown. Early on the morning of October 5th Mrs. Conville’s grandmother, Mrs. Burns, called her and notified her of the animals’ escape. Defendant being absent from home at the time in connection with his business, Mrs. Conville and her father, Mr. Caswell, proceeded, in the pick-up truck, to search for the horses, and found the animals put up in an enclosure on the property of a Mr. Boyt (or Boyett). Enlisting the services of a Negro man, Neil Ellison, Mr. Caswell succeeded in catching his horse but was unable to catch and tether the Conville horse. It was decided that Mrs. Conville would drive the truck on home, the Caswell horse, held by a lead rope, following the truck, in the hope that the Conville animal would follow. This arrangement worked most successfully until the occurrence of the incident above described.
Counsel for defendant argues that under the circumstances defendant’s horse was not being negligently permitted to run at large and that any fault was merely an error of judgment in the course of an emergent operation. We might be constrained to look with more favor upon this contention were it not for the fact that the evidence discloses beyond question, that the animals were safely confined when located by Mrs. Conville and Mr. Caswell. There is not the slightest showing of any necessity for their immediate removal from the enclosure in which they had been put up, and, under this circumstance, it follows that the attempt to toll a loose horse through the streets of the Town of Springhill was an unnecessary and negligent act. This being so, we are at a loss to ascertain any ground upon which the liability for such negligence can be avoided.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.